```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
TAM LE,                                                             :
                                                                    :    19-cv-5134 (ARR) (PK)
                            Plaintiff,                              :
                                                                    :    OPINION & ORDER
        -against-                                                   :
                                                                    :    NOT FOR ELECTRONIC
TRIZA ELECTRICAL CORP. et al.,                                      :    OR PRINT
                                                                    :    PUBLICATION
                            Defendants.                             :
                                                                    :
------------------------------------------------------------------- X
```

ROSS, United States District Judge:

Plaintiff Tam Le brings this lawsuit pursuant to the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), New York City Human Rights Law ("NYCHRL"), and New York Civil Rights Law ("CRL") against defendants Triza Electrical Corp., Chris Triantafillou, and Abdessamad Elhaddad. Le alleges various labor law violations against defendants, his former employers. His claims include allegations that his former supervisor, Elhaddad, threatened him with violence and physically assaulted him because he is Vietnamese. Elhaddad filed two counter-claims under the NYCHRL and the CRL against Le, alleging that Le harassed him for being a Muslim. Le moved to dismiss the counter-claims. Because Elhaddad has failed to state a claim under either the NYCHRL or the CRL, I dismiss both counter-claims.

## BACKGROUND

From January 2016 through February 2018, Le worked as an electrician at Triza Electrical Corp. Compl. ¶ 15, ECF No. 1. Triantafillou was the company's Chief Executive officer. *Id.* ¶ 14. Elhaddad was Le's supervisor from December 2017 through February 1, 2018. *Id.* ¶ 25. Le brings various labor law claims against Triza Electrical Corp., Triantafillou, and Elhaddad. For the purposes of this motion to dismiss counter-claims, I will focus solely on Elhaddad's allegations

1

against Le, and I assume the truth of those allegations.

Elhaddad alleges that from December 2017 through February 2018, Le "made repeated discriminatory remarks" and "continuously and concertedly harassed" him. Elhaddad Am. Ans. ¶¶ 47–48, ECF No. 22. Le is Vietnamese. Compl. ¶ 2, 26. Le's harassment related to Elhaddad's religion and national origin. Am. Ans. ¶¶ 48. Elhaddad describes the harassment as follows:

> Plaintiff knowing that Elhaddad was a Muslim, repeatedly made statements to him, in front of co-workers, that "Muslim people are killing each other", "Muslims cut off people's heads", and "Muslim's [sic] make bombs". Plaintiff, while making the offensive statements, displayed newspaper articles to Elhaddad that reported violence in the middle east in order to bolster the disparaging remarks and further harass and humiliate Defendant.

*Id.* ¶ 49. Elhaddad claims this harassment was "intended to publicly embarrass and humiliate [him] in the presence of his co-workers, and thereby intimidate and coerce him towards resignation from his employment." *Id.* ¶ 50. He further states that this harassment "isolated him from his coworkers, and interfered with his ability to perform his employment duties, thereby threatening his employment with Triza." *Id.* ¶ 51.

Elhaddad first brought these counter-claims as part of his November 27, 2019 answer to the complaint. Elhaddad Ans. ¶ 46–61, ECF No. 18. I gave Elhaddad an opportunity to amend his pleading. *See* Jan. 3, 2020 Order. Elhaddad filed his amended answer on January 15, 2020. He brings two claims: (1) interference with protected rights in violation of NYCHRL § 8–107(19); and (2) bias-related violence or intimidation in violation of CRL § 79-N. Le moved to dismiss both counter-claims for failure to state a claim. Pl.'s Mot. to Dismiss Elhaddad's Countercls., ECF No. 24.

## DISCUSSION

### I.  Motion to Dismiss for Failure to State a Claim

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must

accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the non-moving party. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). Thus, in deciding Le's motion to dismiss Elhaddad's counter-claims, the court must accept the facts alleged in Elhaddad's pleading as true. The allegations in the pleading "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Only "a plausible claim for relief survives a motion to dismiss." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 476 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)).

## II. NYCHRL § 8-107(19)

Section 8-107(19) of the NYCHRL states as follows:

> "[i]t shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

N.Y. City Admin. Code § 8-107(19). "Right granted or protected pursuant to this section" refers to the various anti-discrimination provisions of NYCHRL § 8, which include the right not be discriminated against in the workplace on account of a protected classification such as race, nationality, or religion. Elhaddad has not alleged any coercion, intimidation, or threats. Thus, he has not stated a claim under § 8-107(19).

Not all harassment constitutes coercion, intimidation, or a threat. In *Sletten v. LiquidHub, Inc.*, the defendant made derisive comments about plaintiff's sexual orientation to other employees, and later arrived at plaintiff's home with a gun, stating he wanted to scout the property for hunting. No. 13 CiV. 1146 (NRB), 2014 WL 3388866, at *1–2 (S.D.N.Y. July 11, 2014). The

3

plaintiff argued that defendant took these actions "to coerce and intimidate [him] to quit his job[,]" thus violating § 8-107(19). *Id.* at *5. In dismissing this claim, the court called plaintiff's argument an "unwarranted logical leap" and "little more than 'labels and conclusions.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Elhaddad's claim is similarly based on an unwarranted logical leap that Le "intended to publicly embarrass and humiliate [him] in the presence of his co-workers, and thereby intimidate and coerce him towards resignation from his employment." *Id.* ¶ 50. While the comments Elhaddad alleges Le made to him are reprehensible, Elhaddad has not pled any facts supporting his claim that the harassing statements were intended to coerce, threaten, or intimidate him to resign.

Consideration of the cases where courts found that a plaintiff did state a claim for a violation of § 8-107(19) sheds further light on why Elhaddad's pleading is insufficient. In *Garcia v. Comprehensive Ctr., LLC*, a supervisor made numerous harassing comments to an employee about her gender and nationality, as well as statements including, "'I feel like punching you in the face' [and] 'I'm leaving before I kill you[.]'" No. 17-CV-8970 (JPO), 2018 WL 3918180, at *1 (S.D.N.Y. Aug. 16, 2018). At one point over two years of threatening comments, the defendant actually did punch the plaintiff in the face. *Id.* These threatening statements and actual physical violence constituted a violation of § 8-107(19). *Id.* at *5. In *Leizerovici v. HASC Ctr., Inc.*, a supervisor repeatedly told his employee that "his hair was too long and was not up to Orthodox code[]" and that "he risked getting fired if he did not cut his hair." No. 17-CV-5774 (BMC), 2018 WL 1115348, at *1 (E.D.N.Y. Feb. 27, 2018). This, on its face, is a threat to employment based on religion. *Id.* at *12. In *Guan N. v. NYC Dep't of Educ.*, a "threatening email" gave rise to a claim under § 8-107(19) because it was a threat to "the right not to be denied the privileges of public education on the basis of race or national origin." No. 11 Civ. 4299 AJN, 2013 WL 3819609,

4

at *4, *7 (S.D.N.Y. July 23, 2013).

In comparison to these three examples, Le's alleged negative comments about Elhaddad's religion, unaccompanied by violence or threats to his employment, do not constitute a claim for a violation of § 8-107(19). Thus, I dismiss Elhaddad's first counterclaim.

### III.   CRL § 79

CRL § 79-n creates a civil cause of action against "[a]ny person who intentionally selects a person or property for harm or . . . causes physical injury or death to another because of a [protected characteristic, such as national origin or religion] . . . ." N.Y. Civ. Rights Law § 79-n(2). A cause of action under this statute requires three elements: "a defendant must (1) intentionally commit, (2) damage to a person or property, (3) 'because of a belief or perception regarding [that person's] . . . religion [or other protected characteristic].'" *Zhang Jingrong v. Chinese Anti-Cult World Alliance*, 311 F. Supp. 3d 514, 555 (E.D.N.Y. 2018).

"Harm" against a person, in this context, requires an act of violence or intimidation. *See Lopez v. City of New York,* 186 F. Supp. 3d 304, 317 (S.D.N.Y. 2016); *Karam v. Cty. of Rensselaer, New York*, No. 1:13-cv-01018 (MAD/DJS), 2016 WL 51252, at *18 (N.D.N.Y. Jan. 4, 2016). For example, a plaintiff stated a claim under CRL § 79 where the defendants threatened to kill and beat the plaintiff because of his disability. *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-CV-476S, 2017 WL 6512858, at *8 (W.D.N.Y. Dec. 20, 2017). In another case, a claim was stated where plaintiffs were repeatedly "verbally and physically attacked by defendants," who used "inflammatory rhetoric" related to the plaintiffs' Falun Gong religion. *Zhang Jingrong*, 311 F. Supp. 3d at 561–62.

As noted above, Elhaddad alleges verbal harassment, but no threats, intimidation, or violence. He has not stated a claim under CRL § 79-n and I dismiss this counterclaim as well.

## CONCLUSION

For these reasons, I grant Le's motion in its entirety. Elhaddad's counterclaims are dismissed.

SO ORDERED.

                                                                             /s/
                                                                     Allyne R. Ross
                                                                     United States District Judge

Dated:    March 16, 2020
                Brooklyn, New York